Karen Dippold

| From: | Brustein, Evan (Law) <ebrustei@law.nyc.gov> |
|-------|----------------------------------------------|
| Sent: | Tuesday, September 04, 2018 3:05 PM |
| To: | Karen Dippold |
| Subject: | RE: Defendants' Responses and Objections to Plaintiffs' Second Set of Class Discovery Demands |

Karen,

Defendants' objections were not vague and repetitive, but were proper and specifically responded to each of plaintiffs' interrogatories and document requests.

Notably, the reference to a "gap" in the testimony of Officer Wong is inaccurate. The example you have given, which you titled Interrogatory Number 2, but in actuality is at least Interrogatory Number 28, asked defendants to "Identify the name and rank of instructors in the Highway District Specialized Training School during the years 2011 to present." You claim that Officer Wong was unable to answer this question at his 30b6 deposition. That is in fact not true. During Officer Wong's deposition, that question was never asked. Officer Wong was asked if he "[knew] the names of any instructors within the School" and he identified one person. Plaintiffs never asked Officer Wong to identify all of the instructors at the school. Accordingly, this is an impermissible interrogatory. Similarly, Interrogatories Number 1(27), Number 3(29), Number 4(30), and Number 5 (31) were not asked at Officer Wong's deposition and are impermissible.

With respect to plaintiffs' document requests, plaintiffs misleadingly claim that there were only eight such requests, when in fact, there were 24 document requests. If plaintiffs have specific issues with defendants objections, Defendants will consider such comments or concerns if they are provided. Conclusory statements by plaintiffs do not qualify as a meet and confer and cannot be meaningfully responded to by defendants.

Notwithstanding Defendants specific objections, Defendants will provide within 7 days a list of all required courses that an officer must currently take at the Highway District Specialized Training School before being assigned to a Highway Patrol Unit.

Best,
Evan

---

From: Brustein, Evan (Law)
Sent: Friday, August 31, 2018 4:07 PM
To: Karen Dippold
Subject: Re: Defendants' Responses and Objections to Plaintiffs' Second Set of Class Discovery Demands

Karen,

I have already left the office for the holiday weekend and I am not able to respond to this substantively until I return to the office after Labor Day. That being said, it is important that you are more accurate in recounting our conversations.

You neglected to include any of the reasons I told you that I could not have a spontaneous meet and confer with you. First, I told you that based on your client Karlick Price's failure to appear for his deposition on Monday, which you only notified me of on Sunday afternoon, and also failed to mention was as a result of his having been arrested for possession of marijuana with intent to sell in Virginia and that he was in custody, I had rearranged my schedule to prepare for a deposition with a completely different plaintiff (Maximo Perez) rather than move for costs of the busted

1

deposition.  I further told you that I needed to prepare for the following day's deposition because I was behind schedule as a result of accommodating you.  I also told you that I needed to leave shortly for a wake that evening and did not have time for a meaningful meet and confer at the moment but would be happy to have one.  I then requested that you email me your issues with defendants' responses.  You then insisted on talking to me despite my telling you that someone had died and I needed to leave for a wake.  I told you that you had exceeded the interrogatories but I'd be happy to discuss any issues you put in an email and I left so that I could attend a wake.

Despite my repeatedly telling you that I would respond to an email, you did not send one until after 3 pm on the Friday of Labor Day weekend.  You admit that I told your colleague, Ms. Droubi, on Tuesday that I wanted to have a meaningful meet and confer and had requested that you send me an email with your issues.  If you were actually prepared to have a meet and confer on Monday, there is no reason for your waiting until this late hour to send this request other than to create an incomplete and misleading record.  As I said, I will respond after the holiday.

Have a nice holiday weekend.

Best,
Evan

On Aug 31, 2018, at 3:16 PM, Karen Dippold <KDippold@BLHNY.com> wrote:

**CAUTION**: Think before you click. This email is from a sender outside of your organization. Do not click links or open attachments unless you know the content is safe.

Evan,

Following the deposition of Maximo Perez, a potential class representative, on Monday, I asked you to stay briefly to discuss the Defendants' Responses and Objections to Plaintiffs' Second Set of Class Discovery Demands ("Second Set of Demands") that plaintiffs find to be deficient to an extreme degree.  You responded to my request for a few minutes to meet and confer face-to-face regarding those discovery responses (which basically consist of unsupported vague objections) by saying that we had exceeded the number of interrogatories allowed and that you were "too busy."  You then turned your back to me and left the room.  At the deposition of a third potential class representative, Karlick Price, on Wednesday, Luna Droubi again tried to conduct a meet and confer with you regarding those inadequate responses.  I understand that you advised her that you had asked me for an e-mail regarding any deficiencies, which is certainly not what I remember about your response to my request.

Plaintiffs' Second Set of Demands consists of five interrogatories seeking information that the City's Rule 30(b)(6) witness, Officer Wong, could not answer and twenty-four document requests, the majority of which (sixteen requests) seek documents missing from the prior productions (arrest reports and other charging documents pertaining to specific potential class members).  The remaining eight document requests seek training materials and documentation regarding "step-out", "stand-out" and "conditions" enforcement described in Officer Wong's testimony.  These documents have been repeatedly requested and should have been produced long ago.

Although the five interrogatories are quite simple -- for example, the name and rank of instructors at the Highway Patrol's District Specialized Training School during the years from 2011 to the present date – Officer Wong could only identify one instructor and could not identify the courses available at the School.  With respect to the eight document requests, the six pages of training materials (DEF 1743 through DEF 1748), the only documents produced in response to those requests in Plaintiffs' Second Set of Demands, should have been produced over a year ago in response to Interrogatory 21 and the first Document Request of Plaintiff's *First* Set of Class Discovery Demands seeking training materials regarding checkpoint stops.

Responding to plaintiffs' specific interrogatories and document requests in the Second Set of Demands, generated by gaps in Officer Wong's testimony, by inserting vague repetitive objections followed by statements that defendants "will

not provide any information in response to the request" and defendants "will not produce any documents in response to the request" results in gross deficiencies having no purpose except to prevent plaintiffs from securing information that may be needed to certify a class of persons injured through the unconstitutional use of "step-out", "stand out" and "conditions" enforcement.

Unless defendants are willing to properly and fully respond to these discovery demands promptly, given the limited time frame remaining for class discovery, we will have no choice but to move to compel.

Karen Dippold
Beldock Levine & Hoffman LLP
99 Park Avenue –PH/26th Floor
New York, New York  10016-1601

Telephone - (212) 490-0400
Facsimile - (212) 277-5880

The information in this e-mail is attorney privileged and contains confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message and its accompanying documents is strictly prohibited.  Please delete the message and notify the sender of the receipt of the message by reply.

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any tax advice contained herein, including attachments, is not intended or written to be used and cannot be used by a taxpayer to (i) avoid tax penalties or (ii) promote, market or recommend a transaction or matter to another person.