

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

ZACHARY W. CARTER
*Corporation Counsel*

EVAN BRUSTEIN
*Senior Counsel*
Tel.: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

September 27, 2018

**BY ECF**
Honorable Margo K. Brodie.
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    Winston McLennon, et al. v. City of New York, et al.,
               14-CV-6320 (MKB) (RER)

Your Honor:

       I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and am assigned to represent defendants City of New York, William J. Bratton, Thomas Chan, James Tuller, Paul Ciorra, Keith Penney, Nicholas Konkowski, Jordan Bistany, George Luti, James O'Neill, Steven D'Ulisse, Sylvester Ge, Timothy Morgan, John Sanford, Jonathan Lipke, Marc Levine, and Adrian Santiago (hereinafter "Defendants") in the above referenced matter. Pursuant to §3(A) of Your Honor's Individual Practices and Rules, Defendants respectfully request a pre-motion conference for the purpose of discussing Defendants' anticipated motion to dismiss the Second Amended Complaint (hereinafter "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Background

       By way of background, plaintiffs allege that the New York City Police Department Highway Patrol officers had a policy and practice of setting up unregulated checkpoints in an unconstitutional manner throughout the City. Plaintiffs seek to represent an Injunctive Class as well as a purported Damages Class with three subclasses.

## Plaintiffs' Lack Standing

       Preliminarily, plaintiffs lack standing to pursue injunctive relief because they failed to plead a sufficient likelihood of future harm from and the existence of an official policy or its equivalent regarding these purported checkpoints. Additionally, as none of these alleged stops occurred after November 28, 2014, and plaintiffs have presumably been traveling on New York City streets and highways for almost four years without another occurrence, future harm is

too speculative. McLennon v. City of New York, 171 F. Supp. 3d 69, 74-76 (E.D.N.Y. 2016). Even if they had met their burden, plaintiffs' claims are time-barred. As plaintiffs' claim for Injunctive Relief was dismissed without prejudice by this Court in its Order, dated March 18, 2016, and none of their alleged stops occurred after November 28, 2014, none of plaintiffs' have a viable claim for injunctive relief and the Injunctive Class should be dismissed. Similarly, plaintiffs attempt to add claims for equal protection and Title VI also fail because they are time-barred as they were never previously plead.

### Equal Protection Claim Not Only Time-Barred, But Also Not Adequately Pled

Even if plaintiffs' equal protection claim was timely, it should still be dismissed because they have failed to show that they were "treated differently from other similarly situated individuals, and that such differential treatment was based on impermissible considerations…" De Santis v. City of New York, 2011 U.S. Dist. LEXIS 99126, at *27 (S.D.N.Y. Aug. 29, 2011) (citing Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)). Similarly, plaintiffs fail to state a claim under Title VI. While plaintiffs conclusorily claim that the NYPD Highway Patrol Officers targeted minority neighborhoods, the only location cited in the Second Amended Complaint is the ramp from the Grand Central Parkway onto the Long Island Expressway. As the Long Island Expressway is neither a neighborhood, nor a location frequented only by minorities, plaintiffs have failed to show that the purported checkpoints were motivated by race or ethnicity.

### Plaintiffs Are Collaterally Estopped By Their Guilty Pleas

With respect to the putative class representatives Stephen Augustine and Maximo Perez, they should be dismissed with prejudice because their claims are collaterally estopped by their guilty pleas. "By pleading guilty, Plaintiff is barred by the doctrine of collateral estoppel from relitigating the issue of probable cause to arrest." Berman v. Turecki, 885 F. Supp. 528, 533 (S.D.N.Y. 1995) aff'd 1996 U.S. App. LEXIS 3026 (2d Cir. Jan. 19, 1996) (plaintiff "had the opportunity to litigate the claim that his arrest . . . [was] not supported by probable cause, but he chose not to do so. His guilty plea requires estoppel, in favor of [defendants], in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case."). Similarly, plaintiffs claim that "at least 290 individuals, who accepted conditional discharges or had their charges dismissed, have potentially viable claims for unlawful summonses or arrests and are Damages Class Members." Second Amended Complaint, at ¶ 323. While plaintiffs included individuals who pled guilty in their number of "over 300 Injunctive members identified," approximately 271 of those individuals pled guilty. Id., at ¶¶ 322 – 323. As noted above, a guilty plea bars claims for false arrest and their claims should be dismissed.

### Plaintiffs Have Improperly Attempted To Expand The Damages Class

As for the purported Damages Class, and each of its subclasses, their lack of time frames makes them too speculative and vague. Additionally, the purported Damages Class and purported Equal Protection Subclass (A) are improper expansions of the "Damages Class" which was defined by the First Amended Complaint, as follows: "Each Damages Class member was subjected to an illegal seizure, unlawful detainment, and malicious prosecution." See First Amended Complaint, Civil Docket Sheet, Document No. 34, at ¶ 24. Therefore, the damages class previously required a class member to have a malicious prosecution claim. To the extent, plaintiffs now wish to expand the scope of the damages class, any claims for plaintiffs whose

2

incident occurred prior to July 26, 2015 would be time-barred.  Plaintiffs like Karlick Price who accepted an adjournment in contemplation of dismissal for his stop, which occurred on June 13, 2014, were not subjected to malicious prosecutions, and therefore neither plaintiff Price, nor any other purported plaintiff who accepted an adjournment in contemplation of dismissal can be a member of the Damages class.  Accordingly, plaintiff Karlick Price's claims should be dismissed from this action as well.  Furthermore, the purported Damages Class and the purported "Equal Protection Subclass (A) are new classes for which the statute of limitations was not tolled for any incidents prior to July 26, 2015.  As none of the plaintiffs have alleged any stops after July 26, 2015, none of them are suitable class representatives for this time period and the purported Damages Class and the purported Equal Protection Subclass (A) should be dismissed.

**There Are No Putative Class Representatives With a Viable Malicious Prosecution Claim**

With respect to the other two purported damages subclasses, the Malicious Prosecution Subclass and the Equal Protection Subclass (B) involve claims of malicious prosecution.  As the Court dismissed plaintiff McLennon's malicious prosecution claim without prejudice on March 18, 2016, the statute of limitations for the malicious prosecution claim has not been tolled.  As his criminal case was dismissed on November 21, 2012, plaintiff McLennon's malicious prosecution claim is now time-barred.  As there is no putative class representative for either the Malicious Prosecution Subclass or the Equal Protection Subclass (B) they should both be dismissed for lack of standing.  With respect to plaintiff McLennon's false arrest claim, as plaintiff McLennon did not have a valid drivers' license on the date of his arrest, there was probable cause to arrest and his false arrest claim must fail.  See Certified Abstract of Driving Record for Winston McLennon, attached as Exhibit A.

In view of the foregoing, it is respectfully requested that the Court grant the within request for a pre-motion conference and dismiss the complaint in its entirety.  Defendants further request that the Court stay any class discovery while this motion is pending.  Thank you for your consideration.

Respectfully submitted,

/s/
Evan Brustein
Senior Counsel
Special Federal Litigation Division

cc:
    Jane Fisher-Byrialsen, Esq. (**BY ECF**)
    Kaitlin Fleur Nares, Esq. (**BY ECF**)
    Luna Droubi, Esq. (**BY ECF**)
    Karen Dippold, Esq. (**BY ECF**)
    *Attorneys for Plaintiffs*